**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

NATHANIAL BRUNNER,

    Plaintiff,

v.

CAPTAIN BELL,

    Defendants.

Case No. 1:19-cv-575

Cole, J.
Bowman, M.J

**REPORT AND RECOMMENDATION**

On September 23, 2019, Plaintiff, an inmate at the Ohio State Penitentiary, initiated this action, alleging violations of his constitutional rights by prison officials. Specifically, inmate Brunner alleges that Captain Bell interfered with his right to send and receive mail, including electronic mail, and failed to provide him a pin number for telephone access during certain periods of time while housed at SOCF. (Doc. 6, at PageID #53-54). On November 30, 2020, Defendant Bell filed a motion for summary judgment. (Doc. 18). This motion, if granted, would be dispositive of all of Plaintiff's claims against Defendant. Plaintiff failed to file any timely response.

Thereafter, on December 30, 2020, the undersigned ordered Plaintiff to "show cause" on or before January 22, 2021 why the Defendant's motion for summary judgment should not be construed as unopposed and granted for the reasons stated. (Doc. 19). Plaintiff did not timely comply with the Courts Order and has not filed any response to Defendant's motion for summary judgment.  Additionally, on March 5, 2021, Defendant Bell filed a motion to dismiss this matter for lack of prosecution.  (Doc. 20).

Plaintiff failed to comply with the Court's most recent "show cause" order and did

not respond to Defendant's motion to dismiss for lack of prosecution. Defendant's unopposed motion for summary judgment has now been pending for five months. The undersigned has reviewed that motion and finds it well-reasoned and well-supported.

Based upon the grounds advocated by the Defendants, they are entitled to judgment as a matter of law because: (1) Plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"); (2) Defendants are entitled to qualified immunity because they acted reasonably under the circumstances; and (3) Plaintiff failed to provide any evidence that his constitutional rights were violated. Defendants persuasively argue that Plaintiff has failed to show the existence of any genuine issue of material fact to support any of the elements of his First Amendment claim under, and that Defendant is entitled to qualified immunity in his respective individual capacity.

Finally, this case should be dismissed based upon Plaintiff's failure to file any timely response to the Court's "show cause" order, which amounts to a failure to prosecute. Plaintiff was explicitly warned in the Court's last order that a failure to respond "will result" in the recommendation that the Defendant's motion be granted.

Accordingly, **IT IS RECOMMENDED THAT:** Defendant's motion for summary judgment (Doc. 18) be **GRANTED** for the reasons stated; and alternatively, that judgment be entered in Defendant's favor with prejudice based upon Plaintiff's failure to prosecute; and this case be **CLOSED.**[1]

   *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] As noted above, Defendant also filed a motion to dismiss for lack of prosecution. Consistent with this Report and Recommendation Defendants' motion to dismiss (Doc.20) should be **DENIED as MOOT.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

NATHANIAL BRUNNER,

    Plaintiff,

v.

CAPTAIN BELL,

    Defendants.

Case No. 1:19-cv-575

Cole, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).