# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**NATHANIEL BRUNNER,**

      **Plaintiff,**

      **v.**

**CAPTAIN H. BELL, *et al.*,**

      **Defendants.**

**Case No. 1:19-cv-575**
**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Bowman**

## ORDER

This cause comes before the Court on the Magistrate Judge's April 26, 2021, Report and Recommendation ("R&R") (Doc. 21). The Magistrate Judge recommends that the Court **GRANT** defendant Bell's Motion for Summary Judgment (Doc. 18) or, alternatively, that the Court **DISMISS** the Plaintiff's case in its entirety for want of prosecution pursuant to Fed. R. Civ. P. 41(b) and for failure to comply with a Court Order. (*See* Doc. 20).

The R&R advised both parties that failing to object within the 14 days specified by the R&R could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 21, #128). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C.

§ 636(b)(1)(C). Accordingly, the parties here needed to object by May 10, 2021. The time for filing objections has long since passed, and no party has objected.

While that could be the end of the matter, the advisory committee notes on Federal Rule of Civil Procedure 72(b), i.e., the rule governing objections to Magistrate Judges' R&Rs, suggest that—even when no party has objected—the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See, e.g.*, *Mavrakis v. Warden*, No. 5:17 CV 2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mason v. Comm'r. Soc. Sec.*, No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same); *Malone v. Nike*, No. 2:18-cv-02505-TLP-cgc, 2020 WL 4106316, at *2 (W.D. Tenn. July 20, 2020) (same).

While the advisory committee notes are not binding, the Court nonetheless has elected to review the R&R at issue for clear error. The Court concludes that the R&R passes muster under that standard. Brunner is an inmate at the Ohio State Penitentiary. He claims that Captain Bell, an officer at the facility, violated Brunner's constitutional rights by interfering with Brunner's ability to send and receive mail, including email. Captain Bell moved for summary judgment, both based on Brunner's failure to exhaust his claim through the prison's administrative process, as the Prison Litigation Reform Act requires, and on the merits of the claims. Brunner did not file an opposition. Based on the Magistrate Judge's review of Captain Bell's motion, she concluded both that no constitutional violation occurred, and that in any event, Captain Bell was entitled to qualified immunity. (R&R, Doc. 21, #127).

2

The Court's review of the summary judgment motion convinces the Court that the Magistrate Judge did not err, and certainly did not commit "clear error," in arriving at that result. The summary judgment motion explains that prison regulations impose certain restrictions of inmate access to communications when inmates are assigned to "special management housing." Here, Brunner was assigned to such housing at the time of the claimed deprivations. And Captain Bell followed those regulations with regard to Brunner's access to communications.

Under settled law, prison regulations are presumed valid, meaning "[t]he burden … is not on the State to prove the validity of prison regulations but on the prisoner to disprove it." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (citations omitted). As Brunner declined even to respond to the motion for summary judgment, he failed to meet that burden here.

Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 21). The Court thus **GRANTS** Bell's Motion for Summary Judgment (Doc. 18), and **DENIES AS MOOT** Bell's Motion to Dismiss for Lack of Prosecution (Doc. 20). The Court further **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith.

The Court **ORDERS** the Clerk to enter judgment accordingly and to **TERMINATE** this case on the docket.

       **SO ORDERED.**

  September 30, 2021
**DATE**

       **DOUGLAS R. COLE**
       **UNITED STATES DISTRICT JUDGE**

3